## MARKER v MENKE et

Ohio Appeals, 2nd Dist, Darke Co
No. 382. Decided June 23, 1931

J. W. Sharts and A. A. North, Dayton, for Marker.

Mannix & Billingsley and W. D. Spidel, Greenville, for Menke et.

deed under which V. S. Marker took title and comes within one of the exceptions to the general provision of §11495 GC. The Supreme Court quite recently in the case of **Anna Reiger v The Hotel Reiger Company et al, Ohio Bar, June 9, 1931, page 146,** had this question under consideration and disposed of it in the third proposition of the syllabus:

"An action to establish that a deed absolute upon its face is limited by a contemporaneous agreement to reconvey is an action to establish a trust and does not involve the validity of a deed."—**Paddock v Adams and Holly, Executors, 56 Oh St 242,** approved and followed.

We believe that the court was well within its right in determining that the change in the policy, whereby the estate of V. S. Marker was made a joint beneficiary thereunder, was not made inadvertently or without her knowledge. · The testimony at page 19 of the record is sufficient to support the determination of the court in this respect.

Nor do we find that the court erred in refusing the testimony tendered as to her understanding of the meaning of the words "and the estate of V. S. Marker."

Nor does any error appear in the form of the judgment entry because it abundantly protects the interests of the plaintiff in error, under the finding of the court, if and when she may be declared to be entitled to any portion of the funds.

Inasmuch as the court erred in refusing to accept the testimony of plaintiff in error, the cause will be reversed and remanded.

ALLREAD, PJ, and KUNKLE, J, concur.

## HORNBECK, J.

Plaintiff in error in her case in chief, offered to testify in support of her amended cross petition that although the real estate upon which the insured buildings were located stood jointly in the names of herself and her husband, she had paid all the purchase price from moneys received from her ancestors and that her husband had paid no part thereof. The court refused to accept this testimony on objection under the provision of §11495 GC.

The averment of the cross petition is brief, not complete and does not contain the usual allegations whereby it is asserted that a resulting trust shall be declared. However, no motion was filed attacking the language employed in the form of pleading, and we must therefore give it its most favorable import. It has the effect of charging that the plaintiff in error was a cestui que trust and that V. S. Marker was trustee of a resulting trust for her benefit.

It is claimed that this involved a determination of the effect and validity of the